UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**PIPELINE MEDICAL, LLC**,

    Plaintiff,

v.

**PANAJOTI CONSULTING, LLC,**

    Defendant.

Civil Action No. 22-2714 (ZNQ) (JTQ)

**OPINION**

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon an unopposed Motion for Default Judgment (the "Motion," ECF No. 10) filed by Plaintiff Pipeline Medical, LLC ("Pipeline" or "Plaintiff") against Defendant Panajoti Consulting, LLC ("Defendant"). In support of the Motion, Plaintiff filed a brief ("Moving Br.," ECF No. 10-1), the Declaration of James Clark ("Clark Decl.," ECF No. 10-2), the Declaration of Zachary Ducharme ("Ducharme Decl.," ECF No. 10-20), and the Declaration of Alexander Sakin ("Sakin Decl.," ECF No. 11).[1] After careful consideration of Plaintiff's submissions, the Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[2] For the reasons stated below, the Court will DENY Plaintiff's Motion for Default Judgment without prejudice.

---

[1] Plaintiff submitted an amended Sakin Declaration (ECF 11), to which the Court refers in this opinion. The Court notes that the original Sakin declaration was filed at ECF No. 10-21.
[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

1

I.     **BACKGROUND**

  A.     **Factual Background**[3]

Plaintiff is in the business of selling medical products, including COVID-19 test kits, to various clients across the country, including many public health authorities. ("Compl.," ECF No. 1 ¶¶ 5–7.) Plaintiff routinely purchases its supplies from third party suppliers, such as Defendant. (*Id.* ¶¶ 5–6.) In response to the surge of the Omicron variant of COVID-19 in early 2022, the parties entered into various agreements and purchase orders, pursuant to which Plaintiff purchased COVID-19 test kits from Defendant. (*Id.* ¶¶ 7–12.) Plaintiff paid Defendant a total of $839,160.00 for test kits. (*Id.* ¶ 14.) However, Defendant failed to produce any of the kits, forcing Plaintiff to purchase same from alternative suppliers. (*Id.* ¶¶ 15–16.) Defendant refunded Plaintiff in the amount of $699,300 in February and March 2022, and then refunded Plaintiff an additional $5,000, but has since failed to refund the remaining $134,820.00 that it owes Plaintiff, despite repeated requests from Plaintiff for the remaining refund. (*Id.* ¶¶ 17–18.)

  B.     **Procedural Background**

On May 9, 2022, Plaintiff filed a Complaint against Defendant alleging Breach of Contract (Count I), Conversion (Count II), and Unjust Enrichment (Count III). (ECF No. 1.) The next day, a summons was issued. (ECF No. 4.) Defendant was successfully served with the summons and Complaint on July 20, 2022. (ECF No. 5.) On August 5, 2022, the Clerk entered default as to Defendant. (*See* entry between ECF Nos. 7–8.) On November 30, 2022, Plaintiff filed the instant Motion for Default Judgment. (ECF No. 10.) As of the date of this Opinion, Defendant has failed to respond to the Complaint or appear in this action.

---

[3] For purposes of this Motion, the Court will construe the factual allegations contained within the Complaint as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

2

**II.     LEGAL STANDARD**

Rule 55 governs default and default judgment. *See* Fed. R. Civ. P. 55. Pursuant to the Rule, the clerk must enter default against a party who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After an entry of default, a plaintiff may seek default judgment under either Rule 55(b)(1) or Rule 55(b)(2). *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of default as provided by Rule 55(a).").

"It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). However, "entry of default judgments is disfavored as decisions on the merits are preferred." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 848 (D.N.J. 2008) (citing *Super 8 Motels, Inc v. Kumar*, Civ. No. 06-5231, 2008 WL 878426, at *3 (D.N.J. Apr. 1, 2008)). In other words, the district court must remain mindful that entry of default "is a sanction of last resort." *Id.*

Before entering default judgment, the court must make a "threshold determination" of whether it has subject matter jurisdiction over the claims asserted and personal jurisdiction over the parties. *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015); *IFMK Realty II, LLC v. Atl. Prop. Dev., LLC*, Civ. No. 20-6989, 2023 WL 7166940, at *2 (D.N.J. Oct. 31, 2023). After that, "[i]n assessing whether the entry of default judgment is warranted, the court utilizes a three-step analysis, under which the Court must determine (1) whether there is sufficient proof of service[;] (2) whether a sufficient cause of action was stated[;] and (3) whether default judgment is proper[.]"

3

*Paniagua Grp., Inc. v. Hosp. Specialists, LLC*, 183 F. Supp. 3d 591, 599–600 (D.N.J. 2016) (internal quotation marks omitted).

Before determining whether imposing the extreme sanction of default judgment is proper, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default judgment, and (3) the culpability of the party subject to default. *Sabinsa Corp. v. Prakruti Prods. Pvt. Ltd.*, Civ. No. 14-4738, 2023 WL 7298471, at *6 (D.N.J. Nov. 6, 2023) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71 (3d Cir. 1987)). An entry of default judgment is not a right that plaintiffs are entitled to and a "defendant's failure to appear or answer does not vitiate the Court's responsibility to examine the complaint." *Paniagua Grp.*, 183 F. Supp. 3d at 600 (internal quotation marks omitted).

### III.   DISCUSSION

#### A.   Subject Matter Jurisdiction and Personal Jurisdiction

The Court's analysis begins and ends with jurisdiction. Although the Court has diversity jurisdiction over the claims herein pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs,[4] the Court finds for the reasons below that it does not have personal jurisdiction over Defendant.

While Plaintiff has complied with the procedural requirements for obtaining a default judgment by first obtaining an entry of default against Defendant and then filing the instant Motion for Default Judgment, *see* Fed. R. Civ. P. 55, Plaintiff fails to allege or argue any facts to support

---

[4] On June 20, 2023, the Court issued an order for Plaintiff to show cause as to "why this matter should not be dismissed for lack of subject matter jurisdiction." ("OTSC," ECF No. 14.) In response, Plaintiff submitted the Certification of Alexander Sakin, which outlined the diverse citizenship of the parties in this case. (ECF No. 15.) Thereafter, the Court withdrew its OTSC. (ECF No. 16.)

an exercise of personal jurisdiction over Defendant by this Court. Notably, the Complaint provides a basis for subject matter jurisdiction and venue, but not personal jurisdiction. (*See* Compl. ¶¶ 1–4.) In its Moving Brief, Plaintiff argues that the Court has personal jurisdiction over Defendant merely "because Plaintiff is a New Jersey LLC with its principal business address located in New Brunswick, New Jersey, as is clear from its purchase orders, and from the invoices issued by [Defendant], which also include Pipeline's New Jersey business address." (Moving Br. at 18.)

The Third Circuit has made clear that a court may not exercise personal jurisdiction over a non-resident defendant simply because the non-resident defendant has contracted to do business with a resident plaintiff. *Vetrotex CertainTeed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 152–53 (3d Cir. 1996). Here, Plaintiff is an LLC that is located in New Jersey and Defendant is an LLC that is located in Michigan. (Compl. ¶¶ 1–2.) Other than pointing out that Plaintiff is located in New Jersey, the Complaint, Motion for Default Judgment, and the Motion's accompanying declarations fail to show how the transactions at issue between the parties affected New Jersey or, more importantly, how Defendant purposefully availed itself of this forum.[5] *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). For example, there is no allegation, argument, or declaration that Defendant solicited business from Plaintiff. To the contrary, the Complaint suggests that it was Plaintiff, not Defendant, that first "expressed interest" in buying the COVID-19 test kits from Defendant. (*See* Compl. ¶ 4.) Additionally, for instance, there is also no allegation, argument, or declaration that the services—here, distribution of the test kits—were to be performed in New Jersey. *See Vetrotex*, 75 F.3d at 151–52. To the contrary, the Clark Declaration reveals that at least two of the three purchase orders were for test kits that were to be shipped to states other than New Jersey—Arizona and California—and the Complaint further

---

[5] To resolve personal jurisdiction issues, a court may rely on evidence outside of the pleadings. *See Patterson by Patterson v. F.B.I.*, 893 F.3d 595, 603–04 (3d Cir. 1990).

highlights that Plaintiff has "numerous clients all over the U.S." that purchase its medical products. (Compl. ¶ 7; *see* Clark Decl. ¶¶ 5, 14.)

Therefore, without further information, the Court finds that it cannot exercise personal jurisdiction over Defendant, and it must deny Plaintiff's Motion on that basis.[6] *See Allaham*, 635 F. App'x at 36 ("While unlike subject matter jurisdiction, a court generally may not raise personal jurisdiction *sua sponte*, when a default judgment is requested, a court is required to make a threshold determination regarding any jurisdictional defects. If a court lacks personal jurisdiction over a defendant, the court does not have jurisdiction to render a default judgment, and any such judgment will [be] deemed void.") (citations omitted); *see also Vanguard Energy Partners LLC v. The Hanover Ins. Co.*, Civ. No. 18-13124, 2021 WL 767608, at *2–3 (D.N.J. Feb. 26, 2021).

## IV.  CONCLUSION

For the reasons stated above, the Motion for Default Judgment will be denied without prejudice. The Court will afford Plaintiff the opportunity to file a renewed motion for default judgment within 30 days, which must include a basis for the Court's exercise of personal jurisdiction over Defendant. If Plaintiff does not renew its motion by that deadline, this matter will be dismissed. An appropriate Order will follow.

**Dated: June 17, 2024**

      s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[6] While the Court may not ultimately reach the merits of Plaintiff's claims, it is worth noting that at least upon a cursory review of the Complaint, the Court would engage in further analysis of the request for default judgment should Plaintiff renew its motion and satisfy personal jurisdiction.